**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:17-CR-265-LY-1** |
| | § | |
| **PAULO GUILLEN** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

**TO: THE HONORABLE LEE YEAKEL
  UNITED STATES DISTRICT JUDGE**

Before the Court is the petition of the United States Probation Office recommending that the Court revoke Defendant's term of supervised release. The undersigned Magistrate Judge submits this Report and Recommendation to the District Court, pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

**PROCEDURAL BACKGROUND**

Defendant pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). On October 26, 2018, Defendant was sentenced to 37 months' imprisonment, followed by three years' supervised release. Defendant's supervision began on August 11, 2021.

On March 9, 2022, the Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision ("Petition"). Dkt. 32. The Probation Office alleged that Defendant violated conditions of release and sought a show-cause hearing as to why Defendant's supervised release should not be revoked. A warrant was issued for Defendant's arrest. Defendant was arrested and ordered temporarily detained at his initial appearance on March 11, 2022.

1

In the Petition, the Probation Officer alleges that Defendant violated the following conditions of release:

> **Mandatory Condition No. 3:** "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the court), but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant."

> **Special Condition:** "The defendant shall refrain from the use of alcohol and all other intoxicants during the term of supervision."

> **Special Condition:** "The defendant shall participate in a substance abuse treatment program and follow the rules and regulations of that program. The program may include testing and examination during and after program completion to determine if the defendant has reverted to the use of drugs. The probation officer may supervise the participation in the program. The defendant shall pay the costs of such treatment to the extent the defendant is financially able."

> **Special Condition:** "The defendant shall participate in a mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). The defendant shall pay the costs of such treatment if financially able."

The Petition alleges that Defendant has submitted five drug tests positive for narcotics, including marijuana (December 23, 2021); cocaine (March 2, 2022); and both marijuana and cocaine (December 20, 2021, and February 2 and 11, 2022). The Petition further alleges that Defendant failed to submit to random drug tests on February 10 and 24, 2022. Finally, the Petition alleges that Defendant failed to report for previously scheduled individual counseling sessions on January 25, 2022 and February 17, 2022.

Defendant waived his right to a preliminary revocation hearing. On March 23, 2022, pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), the undersigned Magistrate Judge conducted a final revocation hearing at which Defendant, his attorney, and an attorney for the United States Government appeared. Defendant consented to proceed before a United States Magistrate Judge and pled "True" to the alleged violations.

## FINDINGS OF THE COURT

1.   Defendant violated Mandatory Condition No. 3 and the Special Conditions of his supervised release concerning use of intoxicants and mental health and substance abuse treatment by his conduct, as alleged in the Petition.

2.   Defendant received a copy of the Petition naming him; read the Petition or had it read to him; understood the Petition and the charges alleged against him; and had the opportunity to discuss the Petition and charges with his attorney.

3.   Defendant waived his right to a preliminary hearing.

4.   Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

5.   Defendant had both a factual and rational understanding of the proceedings against him.

6.   Defendant did not suffer from any physical or mental impairment that would affect his ability to fully understand the charges against him or the consequences of his plea.

7.   Defendant was sane and mentally competent at the time of these proceedings.

8.   Defendant was sane and mentally competent to assist his attorney in the preparation and conduct of his defense.

9.   Defendant understood all of his statutory and constitutional rights and desired to waive those rights.

10.   Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

11.   Defendant waived a reading of the charges against Defendant by the Government.

12.   Defendant freely, intelligently, and voluntarily pled "True" to the violations of Mandatory Condition No. 3 and the Special Conditions of his supervised release concerning use of intoxicants and mental health and substance abuse treatment, as alleged in the Petition.

13.   The Court finds that Defendant violated Mandatory Condition No. 3 and the Special Conditions of his supervised release concerning use of intoxicants and mental health and substance abuse treatment as alleged in the Petition, and that there is a factual basis in support of those findings.

## FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e), which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:[1]

   a. the nature and circumstances of the offense, § 3553 (a)(1);
   b. the history and characteristics of Defendant, (a)(1);
   c. the need to afford adequate deterrence to criminal conduct, (a)(2)(B);
   d. the need to protect the public, (a)(2)(C);
   e. the need to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);
   f. the kinds of sentence and the sentencing range recommended by the United States Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
   g. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6); and
   h. the need to provide restitution to any victims of the offense, (a)(7).

## RECOMMENDATIONS

The Magistrate Court has carefully considered all of the arguments of counsel and has taken judicial notice of the pre-sentence report, as well as the Petition, Adjustment Summary, and Violation Conduct Computation prepared by the Probation Office. The undersigned also has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. Defendant's violation is a Grade C and his criminal history category is IV, resulting in an (advisory) guideline range of 6 to 12 months of imprisonment.

In this case, the Magistrate Court finds most compelling the nature and circumstances of the offense; Defendant's history and characteristics; and the need to provide Defendant with substance abuse treatment in the most effective manner. The Court notes that Defendant requested inpatient substance abuse treatment.

---

[1] The factors in § 3553(a)(2)(A), namely, the seriousness of offense, respect for the law, and just punishment, were not considered by the Court.

4

In light of the factors set forth above, the undersigned **RECOMMENDS** that Defendant's term of supervised release be **CONTINUED** and Defendant be **DETAINED** until Tuesday, March 29, 2022, then released from custody into an appropriate program of inpatient substance abuse therapy and counseling, as directed by the United States Probation Office pursuant to the Special Condition of Supervised Release requiring Defendant to participate in a substance abuse treatment program and follow the rules and regulations of that program. While on supervised release, Defendant shall not commit another federal, state, or local crime, and he shall comply with all existing Conditions of Supervision.

## **WARNINGS**

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen-day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act on it.

**SIGNED** on March 23, 2022.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

5